# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| John W. SHERIDAN,<br>4139 Laurel Road,<br>Brunswick, Ohio 44212,<br>　　　　　　Plaintiff,<br><br>　　　　-vs-<br><br><br>Columbia Local School District Board<br>Of Education,<br>25796 Royalton Road,<br>Columbia Station, Ohio 44028,<br>c/o Lorain County Prosecutor,<br>225 Court Street,<br>Elyria, Ohio 44035,<br>　　　　　　Defendant. | Case No. _____<br><br>Judge _____<br><br>Mag. Judge _____<br><br><br><br>COMPLAINT<br>1.　　Defamation.<br>2.　　1983 claim<br><br>JURY DEMAND |

Now comes the Plaintiff by counsel and for his cause of action against the Defendant says the following:

## JURISDICTION

Jurisdiction is proper before this Honorable Court under this Court's original jurisdiction per 28 USC 1330, to wit: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This case is brought pursuant to 42 USC 1983 given the Plaintiff is seeking a remedy for a violation of his civil rights under the First and Fourteenth Amendments to the U.S. Constitution by a Defendant School Board employer. This Court has pendant jurisdiction over any state law claims plead in this action per 28 USC 1367 *et seq*.

FACTS

1.	Plaintiff John SHERIDAN is a 55 year old resident of Medina County, Ohio at all times relevant herein, and a licensed teacher under Ohio law with a continuing tenure contract with the Defendant Columbia Local School District Board of Education (BOARD hereafter).

2.	The Defendant BOARD is a public corporation that acts through duly authorized agents at all times relevant including a Board Superintendent acting in a chief executive capacity.

3.	The Plaintiff teaches courses in economics for the Defendant BOARD at its Columbia Highschool facility.

4.	The Plaintiff has a contractual property interest in his continued employment with the Board and may be terminated only on proof of just cause for termination as defined by the Licensure Code of Professional Conduct for Ohio Educators. The Plaintiff has been an employee of the Defendant for 14 years and has excellent professional credentials and was always qualified for employment.

5.	On 28 February 2018 the Plaintiff advised the parents of a certain teenage male student **[name redacted]** assigned to his class that their son had serious attendance problems that threatened his academic progress, performance, and graduation and the parents agreed the problem existed.

6.	The said student advised the Plaintiff that his absences from school were due to a certain medical condition. The Plaintiff investigated the students' claim and found it was not substantiated in official school medical records. The Plaintiff advised the student's parents of the medical problem excuse that the student was using to justify himself and the parents agreed the problem was benign and did not present a valid excuse for missing school or class.

7.	Upon finding out from the said student that this conversation between the Plaintiff and the student's parents had taken place, one guidance counselor NEFF who is an agent of the

Defendant Board, approached the Plaintiff on 6 MARCH 2018 and aggressively confronted him and complained about his telling the parents of the said student the medical condition in issue was not a valid reason to miss class, days of school or be late for school. According to NEFF she knew about the medical condition the student had since 2009 and asked in so many words that the Plaintiff give the student special treatment in effect to pass him and provide him with academic credit when he was otherwise failing the Plaintiff's academic course. In other words, the Plaintiff was being asked by NEFF to pass a failing student who did not otherwise meet academic performance standards. The Plaintiff refused NEFF and made a report of the matter to the School principal.

8. NEFF's conduct in seeking to protect the said student from academic failure by seeking to persuade the Plaintiff to create spurious academic performance credentials for the said student is conduct unbecoming a teacher and amounts to a violation of the Licensure Code of Professional Conduct for Ohio Educators that requires a teacher to make an accurate report for student information to the BOARD at Par. 3 (C) to wit, "conduct unbecoming" includes (but is not limited to) the following actions: *falsifying, intentionally misrepresenting, willfully omitting or being negligent in reporting information regarding the evaluation of students and/or personnel*.

9. After the Plaintiff made his report about NEFF, on April 11, 2018 the Plaintiff was falsely accused by the BOARD Superintendent Craig BANSEK in a public letter of reprimand of being dishonest by telling the student's parents that NEFF had told lies about the student's medical condition and that condition was being used by NEFF and the student as a false excuse for the student to miss class and that NEFF was covering up for and protecting the said student.

10. A Jury can infer given NEFF was unable to convince the Plaintiff to agree to pass the said failing student because of his alleged medical condition, which cannot be proved to be even a disability under the American's with Disabilities Act, and realizing the seriousness of her mistaken judgment, and risk she was facing for serious discipline up to termination of employment; she then approached the Board and falsely accused the Plaintiff of a violation of the Licensure Code of Professional Conduct for Ohio Educators to create a distraction from scrutiny over her

own unprofessional conduct by restating the facts of the matter to a version that made her look like a victim of an unfair complaint made by the Plaintiff about her conduct.

11. NEFF and the BOARD have publicly slandered and libeled the Plaintiff with respect to his ability to carry on a trade or profession in a competent and honest manner. The said defamation was calculated to protect NEFF and retaliate against the Plaintiff by inflicting a maximum injury on the reputation of the Plaintiff if not cause the termination of his employment and in fact, the Plaintiff was subject to potential termination of employment discipline because of it. Misfeasance on the scale charged against the Plaintiff must be reported to the State of Ohio Board of Education who may consider whether to revoke the Plaintiff's teaching license as a result making the defamation in issue severe and arbitrary.

12. Any investigation by the accuser Defendant into the events in issue was a sham meant to confirm a predetermined result that the Plaintiff had violated the Code by his alleged conduct, which again, is a false story meant to protect NEFF.

13. A demand for retraction of a letter of reprimand averring the said false facts against the Plaintiff was made by the Plaintiff in a *Laudermill* due process hearing and the Defendant has refused to make the retraction. The *Laudermill* hearing was held by the accuser sitting in judgment of itself and was a sham not actually meant to protect the Plaintiff from stigmatizing discipline for false and malicious reasons.

14. The Plaintiff's speech to the student's parents was taken in the public interest and meant to help the said student account for himself, show up at class and work hard for academic achievement and to help the student's parent's help their son become responsible for his past failings and successes in the future.

15. The Defendant and its agents are not entitled to civil action immunity as their conduct was not in good faith at any time in issue in this case.

16. As a direct, proximate and foreseeable consequence of the Defendant's conduct the Plaintiff was damaged by the loss of valuable professional reputation, suffered humiliation, loss of income, loss of present and future opportunity in his profession, and insult and was other wise damaged.

17. All following causes of action are incorporated herein.

ONE

18. The conduct of NEFF making a false report to a Board superintendent or a lesser staff member with authority amounts to a violation of RC 3319.317 (B)(1) and (2) which prohibits the making of false reports about school district license holders to higher authority.

19. Defendant BOARD after being made aware of the true facts or being charge with being able to learn the true facts and ignoring them, ratified the conduct of NEFF as authorized acts and then defamed the Plaintiff in the public record by creating a government document that reprimanded the Plaintiff for spurious reasons for an alleged violation of the Licensure Code of Professional Conduct for Ohio Educators.

20. The Conduct of the Defendant amounts to malicious and tortious defamation of the Plaintiff.

21. The Plaintiff was damaged as averred and damages are presumed at common law.

TWO

22. The Plaintiff's reputation was irreversibly damaged and the pre-discipline *Laudermill* hearing was a sham not meant to protect the Plaintiff. The Defendant was acting under color of law to deprive the Plaintiff of his right to freedom of expression and a fair name clearing due process investigation at all times relevant within the meaning of 42 USC 1983.

23. The Plaintiff has a property interest in his continued and future employment with the BOARD and other academic institutions in the future that has been interfered with because of the defamation in issue, which surrounded criticism of a public employer's failure to properly

educate and control a student in its charge who was not advancing academically, blowing a whistle on NEFF, and the defamation occurred during a potential termination of employment proceeding. All public employee discipline in this case is cumulative and progressive towards ultimate employment termination.

24.     The Plaintiff seeks to clear his name and prove that he did not commit the infractions he was charged with based upon independent First Amendment and Due Process grounds.

25.     The Plaintiff demands compensation for a violation of his constitutional rights given he was disciplined in retaliation for exercising them by way of a defamatory letter of reprimand being placed in his public employment file by the BOARD.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendant on all causes of action for damages in excess of $100,000.00 for compensatory and punitive damages, interest, costs and attorney fees if applicable under Ohio law and that all defamatory letters be removed from his public employment record.

## JURY DEMAND

Plaintiff demands a trial by eight jurors.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com